UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JEFF GOEBEL and JENNIFER GOEBEL** | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:19-cv-3361 |
| | § | |
| **RUSHMORE LOAN MANAGEMENT SERVICES, LLC, UNITED SHORE FINANCIAL SERVICES, LLC d/b/a UNITED WHOLESALE MORTGAGE, and FIRST STATE MORTGAGE, INC. d/b/a SAM HOUSTON MORTGAGE, INC.,** | § § § § § § § § | |
| Defendants. | § | |

### DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331 and 1441(c), Defendant Rushmore Loan Management Services (hereinafter "Rushmore") gives notice and hereby removes this action from the 410th District Court of Montgomery County, Texas to the United States District Court for the Southern District of Texas, Houston Division. Removal is based on federal question jurisdiction. In support, Defendants respectfully show the Court the following:

### A. Introduction

1.  On or about July 29, 2019, Plaintiffs Jeff Goebel and Jennifer Goebel ("Plaintiffs") filed Plaintiffs' Original Petition and Request for Disclosure (hereinafter "Petition") in the 410th District Court of Montgomery County, Texas styled *Jeff Goebel and Jennifer Goebel v. Rushmore Loan Management Services, LLC, et al.,* bearing Cause No. 19-07-10267 (the "State Court Action").

2.     Plaintiffs sued Defendants for violations of RESPA – Regulation X, declaratory judgment, breach of contract, violation of the TDCPA, and breach of duty of good faith and fair dealing.[1] Plaintiff requests actual damages, exemplary damages, attorney's fees, costs as well as seeking injunctive relief.[2]

3.     Defendant was served with process in this lawsuit on August 13, 2019. Thus, Defendant timely files this notice of removal within the 30-day time dictated by 28 U.S.C. §1446(b).

4.     Pursuant to 28 U.S.C. §1446(a), attached hereto as **Exhibit 3** and incorporated by reference is a true and correct copy of the entire file of record with the Court in the 410th District Court of Montgomery County, Texas, including all process, pleadings, and orders served.

5.     Pursuant to 28 U.S.C. §1446(d), this *Notice of Removal* will be filed with the 410th District Court of Montgomery County, Texas, and a copy of this Notice will also be served on Plaintiffs, a copy of which is attached as **Exhibit 5**.

6.     Defendant files contemporaneously with this Notice a civil cover sheet, a *Disclosure Statement and Certificate of Interested Parties* that complies with FED. R. CIV. P. 7.1, a copy of which is attached hereto as **Exhibit 7**.

## B. Jurisdiction and Venue

7.     This is a civil action over which this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This State Court Action may be removed to this Court by Defendant pursuant to 12 C.F.R. § 1024.41.

---

[1] *See* Petition at ¶¶ 61-107, attached as **Exhibit 3**.
[2] *Id.* at Section XI labeled Relief Requested.

8. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division because the State Court Action is pending within this district and division. *See* 28 U.S.C. § 1441(a); *Also see* 28 USC § 124(b)(7).

## C. Basis for Removal

9. The Court has original jurisdiction over the State Court Action under 12 U.S.C. § 1331 because Plaintiffs assert a cause of action for violation of RESPA, which is codified as 12 U.S.C. § 2605, *et seq*. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 12 U.S.C. § 1331. Accordingly, Defendant may remove this action to this Court pursuant to 28 U.S.C. § 1441 (c).

10. Pursuant to U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiffs' additional claims because they derive from the same set of facts forming his claims under 42 U.S.C. § 3604.

## D. Conclusion

11. Defendant removes the State Court Action from the 410th District Court of Montgomery County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

**BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP**

*/s/ Crystal G. Gibson*
Crystal G. Gibson
State Bar No. 24027322
SD No. 706039
J.D. Milks
State Bar No. 24045106
SD No. 3414015
4004 Belt Line Road, Ste. 100
Addison, Texas 75001
(972) 340-7901
(972) 341-0783 (Facsimile)
jdmilks@bdfgroup.com
CrystalR@bdfgroup.com
ATTORNEYS FOR DEFENDANT
RUSHMORE LOAN MANAGEMENT
SERVICES, LLC

## CERTIFICATE OF SERVICE

I certify that a copy of *Notice of Removal* was served by the court's electronic filing system or by certified U.S. Mail, return receipt requested, and regular U.S. Mail to the parties below on September 6, 2019.

**Via Email: jfoley@weaverlawyers.com**
James Hamilton Foley
1800 Bering Drive, Suite 1050
Houston, Texas 77057
*Attorney for Plaintiffs*

*/s/ Crystal G. Gibson*
Crystal G. Gibson

## **LIST OF DOCUMENTS ATTACHED**

Exhibit 1   Index of Matters;

Exhibit 2   A copy of the State Court Civil Docket Sheet;

Exhibit 3   All pleadings asserting causes of action, all executed process in the case, if any, all answers, if any, and all orders signed by the state court judge, if any;

Exhibit 4   List of All Counsel of Record;

Exhibit 5   Notice of Filing of Notice of Removal to Federal Court filed in the 410th District Court of Montgomery County, Texas;

Exhibit 6   Civil Cover Sheet; and

Exhibit 7   Disclosure Statement and Certificate of Interested Parties.